IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAMELA J. SMITH                                              PLAINTIFF

v.                      CIVIL NO. 04-2269

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                     DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Pamela J. Smith brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration denying her application for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). Plaintiff's appeal brief, dated March 24, 2005, is being construed as a motion that her case be remanded to the Commissioner for consideration of new and material medical evidence. (Doc. # 7).[1] Defendant filed a brief on April 28, 2005. (Doc. # 8). The case is before the undersigned pursuant to the consent of the parties.

Plaintiff filed her applications for DIB and SSI on December 4, 2003, and October 16, 2002, respectively, alleging an inability to work since December 5, 2001, due to dextroscoliosis and mild degenerative disc disease in the thoracic spine, disc space narrowing at multiple levels with some mild protrusion and spurring and minimal neural foraminal narrowing in the cervical

---

[1]Plaintiff's counsel is reminded that additional medical evidence submitted on behalf of his client should be filed in a separate motion to this court. Additional medical evidence should be submitted in chronological order without duplication in either the motion itself or the evidence already before the court.

spine, lumbar disc disease, and spastic diplegia.[2] (Tr. 35-38, 203-205). The ALJ, in a written decision dated April 14, 2004, concluded that plaintiff was not disabled, as she retained the residual functional capacity (RFC) to perform a full range of sedentary work. (Tr.13-23). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found plaintiff was not disabled.

The evidence which plaintiff now moves to supplement the record with and have considered on remand consists of treatment notes from Dr. Wanda V. McMichael reporting plaintiff's continued abnormal gait disorder, possible spastic diplegia and chronic back pain. (Doc. # 7, Exhibit B). Dr. McMichael's also completed a work capacities form dated October 21, 2003. (Doc. # 7, Exhibit B, p. 42-44). In a letter dated October 2, 2004, Dr. McMichael's stated she had been treating plaintiff for the past year for severe back pain, some type of abnormal neurologic condition causing significant pain and weakness in her lower extremities. (Doc. # 7, Exhibit B, p. 45). Dr. McMichael's further stated plaintiff had significant problems with her balance and very limited movement.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period

---

[2]Spastic Diplegia is a type of cerebral palsy in which there is bilateral spasticity, with the lower extremities more severely affected. *http://cancerweb.ncl.ac.uk/cgi-bin/omd?query=spastic+diplegia.&action=Search+OMD.*

for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

The evidence plaintiff now provides did not exist on April 14, 2004, when the ALL issued his decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings. *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

Next, we consider the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). After reviewing the entire record, we find that remand is appropriate for consideration of the additional medical evidence, as this evidence appears to indicate that plaintiff's impairments impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

Based on the foregoing, we remand this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this 29th day of November 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

.

AO72A
(Rev. 8/82)